# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ADAM SCOTT WALKER,

      Plaintiff,

v.                                                 Case No. 8:20-cv-2338-T-KKM-AAS

GEICO GENERAL INSURANCE
COMPANY,

      Defendant.
_____/

## ORDER

Plaintiff Adam Scott Walker moves to remand this action back to state court. (Doc. 11). Defendant Geico opposes Walker's motion. (Doc. 12).

Based on the allegations in the complaint, this case arises out of an auto accident that happened on June 19, 2019, in St. Petersburg, Florida. (Doc. 1-1, ¶5). Walker, while driving his vehicle, was struck by another vehicle and suffered injuries from that accident. (*Id.* at ¶¶5–6). Walker then filed this action against his insurer Geico and alleged that Geico is responsible for paying Walker underinsured motorist benefits and that Geico failed to settle in good faith Walker's benefits claim. (*See id.* at ¶¶8–24).[1]

Geico removed the action to this Court. (Doc. 1). In its Notice of Removal, Geico states that complete diversity between the parties exists and the amount-in-controversy requirement is met because Walker alleges that he is entitled to the $100,00

---

[1] Walker's bad-faith claim (Count II) is subject to a separate motion to dismiss. (Doc. 5).

underinsured motorist policy limits. (*See id.*). In response, Walker argues that Geico failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Doc. 11). To support his argument, Walker argues that the complaint alleges only that the amount in controversy exceeds $30,000. (*Id.*). Thus, Walker concludes that the Court should remand this case to state court. (*Id.*).

Jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332. Diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* § 1332(a). Walker and Geico agree that diversity of citizenship exists in this case: The issue is the amount in controversy.

A defendant who removes a case from state court to federal court bears the burden of proving that federal jurisdiction exists. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In some cases, it is "facially apparent" from the state-court complaint that the amount in controversy exceeds $75,000 even if the complaint claims no specific amount of damages. *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). But if the state-court complaint fails to specify the amount in controversy, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Williams*, 269 F.3d at 1319. To meet that burden, the defendant may introduce affidavits, declarations, or other documentation showing that the amount in controversy exceeds $75,000. *Pretka v. Kolter v. City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).

Geico satisfied its burden of proving by a preponderance of the evidence that

the amount in controversy exceeds $75,000. Geico points to the complaint's allegations that Walker "is entitled to the limits of underinsured motorist benefits under the policy." (Doc. 1-1, ¶12). Attached to the complaint is a copy of the insurance policy, which states the underinsured motorist benefits limits is $100,000 per person, $300,000 per occurrence. (Doc. 1-1, p. 8). These facts alone satisfy Geico's burden that the amount in controversy exceeds $75,000.

Geico also points to other documents showing that the amount in controversy exceeds $75,000: a demand letter from Walker for the full $100,000 policy limit (Doc. 1-3); a letter from Walker stating that his future medical costs are $238,705.43 (Doc. 1-6); and a civil remedy notice stating that the policy "limits of $100,000 must be tendered to resolve all claims" (Doc. 1-7). Geico has sufficiently met its burden for removal purposes.

Accordingly, Walker's motion for remand (Doc. 11) is **DENIED**.

**ORDERED** in Tampa, Florida, on March 4, 2021.

_____
Kathryn Kimball Mizelle
United States District Judge